IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE LUIS ORDONEZ PEREZ, a/k/a JORGE ORDONEZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> SIMON'S SHINE SHOP, INC., an Illinois corporation, d/b/a SIMON'S SHINE SHOP, DR. BEASLEY'S, INC., an Illinois corporation, THE LAFEBER GROUP, INC., an Illinois corporation, and JAMES E. LAFEBER, an individual, <br><br> Defendants. | Case No. 16-cv-06133 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Jorge Luis Ordonez Perez a/k/a Jorge Ordonez ("Plaintiff" or "Ordonez"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Simon's Shine Shop, Inc. d/b/a Simon's Shine Shop ("Simon's Shine Shop"), Dr. Beasley's, Inc. ("Dr. Beasley's"), The Lafeber Group, Inc. ("Lafeber Group"), and James E. Lafeber ("Lafeber"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"). Defendants violated federal and state overtime laws by failing to pay Plaintiff, and other car wash and auto detailing

employees, an overtime premium when they worked more than 40 hours in individual workweeks.

2. Defendants further violated the IWPCA, Illinois' anti-wage theft statute, by promising and agreeing to pay Plaintiff's wages based on certain hourly rates and subsequently paying a portion of Plaintiff's hours worked at a rate less than the agreed-upon hourly rates of pay.

3. Plaintiff's FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

6. Plaintiff Ordonez is a former employee of the Defendants. Plaintiff performed car wash and auto detailing work for the Defendants during the last three years before the filing of this lawsuit until approximately February 15, 2016.

7 Defendant Simon's Shine Shop is operated by Simon's Shine Shop, Inc., an Illinois corporation, and is doing business as a car wash and auto detailing establishment located at 1439 W. Shakespeare Avenue in Chicago, Illinois. Simon's Shine Shop is primarily engaged in providing wash and detail services to the general public.

8. Upon information and belief, Defendant Lafeber is an owner of Defendant Simon's Shine Shop. Lafeber is the president and secretary for Simon's Shine Shop, Inc.

9. Upon information and belief, Defendant Simon's Shine Shop earned more than $500,000 in gross annual revenue during 2013, 2014 and 2015.

10. Defendant Dr. Beasley's is an Illinois corporation doing business as a designer, manufacturer, and seller of car care and auto detailing products. Dr. Beasley's is located at 1439 W. Shakespeare Avenue in Chicago, Illinois.

11. Upon information and belief, Defendant Lafeber is an owner of Defendant Dr. Beasley's. Lafeber is the president and secretary for Dr. Beasley's, Inc.

12. Upon information and belief, Defendant Dr. Beasley's earned more than $500,000 in gross annual revenue during 2013, 2014 and 2015.

13. Defendant Lafeber Group is an Illinois corporation with a principal business location of 1439 W. Shakespeare Avenue in Chicago, Illinois.

14. Upon information and belief, Defendant Lafeber is an owner of Defendant Lafeber Group. Lafeber is the president and secretary for The Lafeber Group, Inc.

15. Upon information and belief, Defendant Lafeber Group earned more than $500,000 in gross annual revenue during 2013, 2014 and 2015.

16. During the course of their employment, Plaintiff, and other car washers and auto Detailers employed by Defendants, used and handled goods and materials, including car care and auto detailing products, soaps, cleaners, and towels that moved in interstate commerce.

17. At all times relevant to this action, Defendant Lafeber possessed extensive oversight over the corporate Defendants and was the ultimate decision-maker with respect to the Defendants' payroll and wage and hour practices. Defendant Lafeber possessed the authority to

hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

**COMMON ALLEGATIONS**

18. Plaintiff, and other similarly situated car wash and auto detailing employees, were directed to work, and did work, more than 40 hours in individual workweeks.

19. Plaintiff was regularly scheduled to work six (6) days per week for the Defendants and did not usually work on Tuesday. A typical weekly work schedule for Plaintiff was from 8:30 a.m. to 6:30 p.m. on Monday, Wednesday, Thursday, and Friday; from 8:00 a.m. to 6:00 p.m. on Saturday; and, from 8:00 a.m. to 5:00 p.m. on Sunday.

20. Based on his regular weekly work schedule, Plaintiff regularly worked at least 45 to 55 hours for the Defendants during the last three years before the filing of this suit.

21. Defendants paid Plaintiff, and other car wash and auto detailing employees, on an hourly basis. In addition to direct wages paid by Defendants on an hourly basis, Plaintiff received customer tips.

22. During the last three years before the filing of this suit, Defendants informed Plaintiff that his hourly rates of pay would be $8.25, $8.50, $9.00, and $9.50.

23. Defendants paid the wages of Plaintiff, and other car wash and auto detail workers, on a bi-weekly basis.

24. Defendants regularly paid the wages of Plaintiff, and other car wash and auto detailing employees, by issuing two checks for work performed in a given pay period.

25. The first check was issued under the name of Defendant Simon's Shine Shop less tax and withholding deductions. The Simon's Shine Shop check regularly paid Plaintiff, and

other car wash and auto detailing employees, for 80 hours of work or less in a bi-weekly pay period. All hours were paid at their straight-time hourly rates of pay.

26. The second check was a corporate check issued under the name of Defendant Dr. Beasley's and did not reflect any tax or withholding deductions. The Dr. Beasley's check regularly paid Plaintiff, and other car wash and auto detailing employees, for their hours worked in excess of 80 in a bi-weekly pay period. Defendant Lafeber Group also issued checks to Plaintiff and other car wash and auto detailing employees.

27. The Dr. Beasley's and Lafeber Group checks issued by Defendants to Plaintiff, and other car wash and auto detailing employees, did not pay the employees' compensable overtime hours at a rate of one and one-half times their regular hourly rates of pay. Indeed, Plaintiff's compensable overtime hours were often paid at the rate of $8.00 per hour – a rate *less* than his straight-time hourly rates of pay during the last three years before the filing of this suit.

28. By way of example, for a bi-weekly pay period in November 2015, Defendants issued Plaintiff a Simon's Shine Shop wage check for "salary" in the gross amount of $760.00 for 80 hours worked at his hourly rate of $9.50 (80 x $9.50 = $760.00). Defendants also issued a second check to Plaintiff under the name of Dr. Beasley's for the hours Plaintiff worked in excess of 80 during the pay period. Plaintiff's Dr. Beasley's check totaled $126.00 based on 15.75 compensable overtime hours worked paid at the rate of $8.00 (15.75 x $8.00 = $126.00).

29. Defendants, therefore, did not compensate Plaintiff, and other car wash and auto detailing employees, at one and one-half times his regular hourly rate of pay for hours worked in excess of 40 in individual workweeks.

30. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

31. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

**COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated car wash and auto detailing employees that worked for Defendants during the last three years before the filing of this suit.

33. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former car wash and auto detailing employees, have had substantially similar job descriptions, job requirements, and pay rates.

34. Plaintiff, and the other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation to car wash and auto detailing employees and depriving the employees of their earned wages. In furtherance of their common policy and plan, Defendants regularly issued two checks to Plaintiff and other car wash and auto detailing employees to conceal their failure to pay overtime wages.

35. Defendants' checks issued under the name of Simon's Shine Shop were payroll checks which reflected tax and withholding deductions and regularly paid employees for 80 hours of work or less in a bi-weekly pay period. In order to conceal their common policy and plan to pay overtime, Defendants issued a second set of corporate checks from commonly-owned and related business entities, Defendant Dr. Beasley's and Defendant Lafeber Group, for compensable overtime hours. All checks issued by the Defendants were paid at or below the employees' straight-time rates of pay and did not pay overtime wages at a rate of one and one-half times their regular hourly rates of pay.

36. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

37. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

38. There are numerous similarly situated current and former car wash and auto detailing employees who worked for Defendants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

39. The similarly situated current and former car wash and auto detailing employees are known to the Defendants and are identifiable in Defendants' payroll records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

40. Plaintiff hereby incorporates paragraphs 1 through 39 as though stated herein.

41. Plaintiff is an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff is not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

42. During the course of Plaintiff's employment, Defendants employed other car wash and auto detailing employees who were similarly not exempt from the overtime wage provisions of the FLSA.

43. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

44. Defendants Simon's Shine Shop, Dr. Beasley's, and Lafeber Group are each an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and have operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning

of the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendants further constitute a single enterprise under the FLSA based on their common ownership and location, shared business purposes, and joint payment of the wages of Plaintiff and other employees.

45. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt car wash and auto detail employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

46. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

47. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants implemented a two-check payment scheme in an effort to conceal their failure to pay overtime wages. Upon information and belief, Defendants' corporate check payments to Plaintiff and other employees were not reported to federal and state tax and revenue departments. Defendants further violated the Act's notice and posting requirements.

**WHEREFORE**, the Plaintiff, Jorge Luis Ordonez Perez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Simon's Shine Shop, Inc. d/b/a Simon's Shine Shop, Dr. Beasley's, Inc., The Lafeber Group, Inc., and James E. Lafeber, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

48. Plaintiff hereby incorporates paragraphs 1 through 39 as though stated herein.

49. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

50. During the course of Plaintiff's employment, Defendants employed other car wash and auto detailing employees who were similarly not exempt from the overtime wage provisions of the IMWL.

51. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

52. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt car wash and auto detail employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

53. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Jorge Luis Ordonez Perez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Simon's Shine Shop, Inc. d/b/a Simon's Shine Shop, Dr. Beasley's, Inc., The Lafeber Group, Inc., and James E. Lafeber, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

## COUNT III
### Illinois Wage Payment and Collection Act – Earned Wages

54. Plaintiff hereby incorporates paragraphs 1 through 39 as though stated herein.

55. Plaintiff is an "employee" under the IWPCA, 820 ILCS § 115/2, and is not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

56. During the course of Plaintiff's employment, Defendants employed other car wash and auto detail employees who were similarly not exempt from the IWPCA's protections.

57. Defendants are each an "employer" under the IWPCA, 820 ILCS § 115/2.

58. During their employment, Plaintiff and Defendants understood and agreed that Plaintiff would be paid at certain hourly rates, including $8.25, $8.50, $9.00, and $9.50, for all hours worked.

59. Defendants violated the IWPCA and the parties' agreement by failing to pay Plaintiff at his hourly rate of pay. Defendants regularly issued Dr. Beasley's and Lafeber Group checks which compensated Plaintiff at the rate of $8.00 per hour in violation of the parties' agreement and the Act.

**WHEREFORE**, the Plaintiff, Jorge Luis Ordonez Perez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Simon's Shine Shop, Inc. d/b/a Simon's Shine Shop, Dr. Beasley's, Inc., The Lafeber Group, Inc., and James E. Lafeber, as follows:

A. Judgment in the amount of all unpaid earned wages;

  B.  Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

  C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  D.  Such other and further relief as this Court deems appropriate and just.

Dated: June 13, 2016         Respectfully submitted,
                 Jorge Luis Ordonez Perez, on behalf of
                 himself and all other Plaintiffs similarly
                 situated, known and unknown, Plaintiff


                 /s/ Nicholas P. Cholis
                 _____
                 One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel: (312) 322-1100
Fax: (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com