# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JORGE LUIS ORDONEZ PEREZ, a/k/a JORGE ORDONEZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> SIMON'S SHINE SHOP, INC., an Illinois corporation, d/b/a SIMON'S SHINE SHOP, DR. BEASLEY'S, INC., an Illinois corporation, THE LAFEBER GROUP, INC., an Illinois corporation, and JAMES E. LAFEBER, an individual, <br><br> Defendants. | Case No. 1:16-cv-06133 <br><br> Judge Joan B. Gottschall <br><br> Magistrate Judge Jeffrey T. Gilbert |

# EXHIBIT A

# to

# SUPPLEMENT TO PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE LUIS ORDONEZ PEREZ, a/k/a JORGE ORDONEZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>    Plaintiff,<br><br> v.<br><br>SIMON'S SHINE SHOP, INC., an Illinois corporation, d/b/a SIMON'S SHINE SHOP, DR. BEASLEY'S, INC., an Illinois corporation, THE LAFEBER GROUP, INC., an Illinois corporation, and JAMES E. LAFEBER, an individual,<br><br>    Defendants. | Case No. 1:16-cv-06133<br><br>Judge Joan B. Gottschall |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Settlement Agreement") was made and entered into by Named Plaintiff Jorge Luis Ordonez Perez ("Named Plaintiff"), on behalf of himself and the Opt-in Plaintiffs (collectively, "Plaintiffs"), and Defendants Simon's Shine Shop, Inc., Dr. Beasley's, Inc., The Lafeber Group, Inc., and James E. Lafeber ("Defendants"), and is conditioned upon the Court's approval.

WHEREAS, the Named Plaintiff Jorge Luis Ordonez Perez filed a lawsuit against Defendants, Case No. 1:16-cv-06133, in the United States District Court for the Northern District of Illinois, Eastern Division, containing alleged violations of the Fair Labor Standards Act (collective action), Illinois Minimum Wage Law, and the Chicago Minimum Wage Ordinance (the "Lawsuit");

WHEREAS, the Parties have engaged in a substantive amount of discovery and believe they have sufficient information to reach a resolution of this action;

1

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience and enter this Settlement Agreement and Release to resolve all claims, including attorneys' fees and costs, asserted by the Plaintiffs against Defendants in the Lawsuit; and

WHEREAS, Defendants expressly deny all of the allegations contained in the Lawsuit, and Defendants expressly maintain their positions that no violations of law have occurred, statutory or otherwise;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained here, the Parties agree as follows:

1. DEFINITIONS

The following terms, when used in this Settlement Agreement have the meanings set forth below, except when they are otherwise or more precisely defined in another section.

(a) "Action" means the civil action filed in the Northern District of Illinois, *Ordonez Perez v. Simon's Shine Shop, et al.*, Case No. 16-cv-06133.

(b) "Plaintiffs' Counsel" or "Class Counsel" means Nolan Law Office.

(c) "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

(d) "Opt-In Plaintiffs" means individuals who executed Consents to Join the Action that were filed with the Court between February 3, 2017 and April 4, 2017.

(e) "Parties" means the Named Plaintiff, the Opt-In Plaintiffs, and the Defendants, collectively and, separately, each a "Party."

(f) "Released Parties" means Defendants and their former and present parents, subsidiaries, and affiliated corporations and their respective officers, directors, shareholders, employees, and agents, and any other successors, assigns, or legal representatives.

(g) "Settlement" shall mean the resolution of the Action as effectuated by the Settlement Agreement.

(h) "Settlement Payments" means the amounts to be paid to the Named Plaintiff, the Opt-In Plaintiffs, and Class Counsel pursuant to this Settlement Agreement.

2. SETTLEMENT IS CONTINGENT ON COURT APPROVAL.

If, for any reason, the material terms of this Settlement Agreement are not approved by the Court, this Settlement Agreement will be void and shall have no force or effect. Whether or not the Settlement Agreement is approved, neither the Settlement Agreement nor any document, statement, proceeding, or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party. Pending the Court's approval, the Action is stayed and the Parties shall not pursue any discovery or otherwise litigate the claims.

3. STATEMENT OF NO ADMISSION.

(a) Although the Parties do not abandon the positions they took in the Action, they believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the Parties believe that this Settlement Agreement is fair, reasonable, and the best way to resolve the disputes between and among them.

(b) Defendants deny all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief and all other forms of relief, as well as the collective allegations asserted in the Action. Defendants further deny that this Action is appropriate for collective treatment for any purpose other than settlement. Defendants have agreed to resolve the Action via this Settlement Agreement, but to the extent this Settlement Agreement is deemed void, Defendants do not waive, but rather expressly reserve, all rights to challenge any and all claims

and allegations asserted by the Plaintiffs should the case proceed, upon all procedural and substantive grounds, including without limitation the ability to challenge collective-action treatment on any grounds and to assert any and all other potential defenses or privileges (the "Rights").

(c) Plaintiffs and Class Counsel agree that Defendants retain and reserve the Rights, and they agree not to take a position to the contrary. Specifically, Plaintiffs and Class Counsel agree that, if the Action was to proceed, they will not argue or present any argument, and hereby waive any argument that, based on this settlement or this Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of this settlement or this Settlement Agreement, Defendants should be barred from contesting final collective action certification pursuant to FLSA on any grounds or from asserting any and all other potential defenses and privileges.

(d) This Settlement Agreement shall not be deemed an admission by, or a basis for estoppel against, Defendants that final collective action certification pursuant to 29 U.S.C. § 216(b) in the Action or any other action is proper or cannot be contested on any grounds. Additionally, neither this Settlement Agreement, nor the settlement, nor any document, statement, or proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including any evidence of a presumption, concession, indication or admission by the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage. Nor shall this Settlement Agreement be disclosed, referred to, offered or received in evidence against the Released Parties in any further proceeding in this Action, or in any other civil, criminal, or administrative action

or proceeding except for the purposes of settling this Action or enforcing the settlement of this Action.

4. MONETARY TERMS OF SETTLEMENT.

(a) In order to settle the Action, and as consideration for the release of claims from the Plaintiffs, dismissal of the Action, and the other good and valuable consideration described herein that the Plaintiffs are providing to Defendants, Defendants agree to pay the total gross sum of $109,500, to be allocated as follows:

(i) A gross sum of $61,500 shall be paid to Class Counsel for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses.

(ii) Based on Class Counsel's review of timesheets and payroll records, a total gross sum of no more than $48,000 shall be divided among the Named Plaintiff and each Opt-In Plaintiff, in the amount of one-half of each Party's regular hourly rate of pay multiplied by hours worked over 40 in a workweek, plus statutory interest under the Illinois Minimum Wage Law and liquidated damages under the Fair Labor Standards Act and/or Chicago Minimum Wage Ordinance, as follows:

1. Jorge Ordonez Perez - $12,728.03
2. Alberto Bahena - $1,584.63
3. Edgar Barriga - $1,004.41
4. Eliodoro Montoya - $1,771.67
5. Jose Luis Bautista - $9,217.21
6. Edvin O. Arita - $1,702.55
7. Evis Dominguez - $11,262.74
8. Marcial Perea Alarcon - $5,711.88
9. Cruz Escobedo - $2,932.81

5

          10.    Kevin Olea Gonzalez - $84.07

(b)    Simon's Shine Shop shall issue two checks for each Settlement Payment as follows:

    (i)    One-third of each Settlement Payment will represent wages, subject to applicable payroll taxes and withholdings. Simon's Shine Shop shall issue the Named Plaintiff and each Opt-In Plaintiff an IRS Form W-2 for this portion of the Settlement Payment.

    (ii)    Two-thirds of each Settlement Payment will represent liquidated damages. Payroll deductions and income taxes shall not be taken from this portion of each Settlement Class Member's Settlement Payment. Simon's Shine Shop shall issue the Named Plaintiff and each Opt-in Plaintiff an IRS Form 1099 for the liquidated damages portion of each Settlement Payment.

    (iii)    The back of each check to the Opt-In Plaintiffs will contain the following release of claims:

> By cashing this check, I agree to join the case *Ordonez v. Simon's Shine Shop, et al.*, and I agree to participate in the Settlement and be bound by the release of claims in the Settlement Agreement.

(c)    Simon's Shine Shop shall be responsible for payment of the employer's portion of all applicable payroll taxes for each wage Settlement Payment made pursuant to Section 4(b)(i).

5.    <u>RELEASE OF CLAIMS.</u>

(a)    Named Plaintiff fully releases and discharges the Released Parties from any and all claims, known or unknown, arising from the beginning of time through the date of execution of this Settlement Agreement. By way of explanation, but not limiting its completeness, Named Plaintiff fully, finally, and unconditionally releases the Released Parties for any and all claims, liabilities, suits, personal injuries, demands, debts, liens, damages, costs, grievances, injuries,

6

actions or rights of action of any nature whatsoever, known or unknown, choate or inchoate, discrimination or otherwise, liquidated or unliquidated, absolute or contingent, in law or in equity, which were or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Named Plaintiff's employment with Defendants and any alleged act or omission to act by the Released Parties, whether related or unrelated to his employment, occurring and/or accruing prior to the execution of this Settlement Agreement. Named Plaintiff further waives any right to any form of recovery, compensation or other remedy in any action brought by him or on his behalf. Without limiting the foregoing terms, the release and covenant not to sue in this paragraph specifically includes, without limitation, all claims he has or may have under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Title VII of the Civil Rights Act of 1964, as amended, the National Labor Relations Act, as amended, 29 U.S.C. §§ 151, *et seq.*, 42 U.S.C. § 1981, the Illinois Human Rights Act, as amended, the Americans With Disabilities Act, as amended, the Cook County Human Rights Ordinance and the Chicago Commission on Human Relations Enabling Ordinance. This release and covenant not-to-sue also includes any tort claims, and any and all claims that may have arisen from or under any federal, state or local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law.

(b) In exchange for their Settlement Payment, Opt-In Plaintiffs shall be deemed to have released and discharged the Released Parties from all claims or causes of action arising for unpaid overtime wages that were asserted in the Action, or that arise out of facts asserted in the Action, including claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Chicago Minimum Wage Ordinance, federal, state, and local law, or common law, as well as

7

any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest.

6. <u>CONFIDENTIALITY.</u>

Except as expressly set forth below, and except for the communications with the Court necessary to obtain Court approval, the parties agree that the terms of this Settlement Agreement shall be confidential, and the Parties and their respective agents agree not to disclose any information whatsoever concerning this Agreement to anyone, including, but not limited to, past, present and future employees of Defendants, unless directed to do so by a court of law or directed by a lawful subpoena, after giving the other party notice of such proceedings and the other party having had a reasonable opportunity to object to the disclosure thereof. Any of the Parties to this Settlement Agreement may divulge the contents of this Settlement Agreement only to his spouse, if any, his attorney, if any, and his paid tax preparer, and for any other reason necessary or required by law. In addition, Defendants may divulge this Settlement Agreement to the extent it is necessary to comply with the terms of the Settlement Agreement or to otherwise conduct its business.

Notwithstanding anything to the contrary, nothing in this Settlement Agreement shall prevent the disclosure of confidential information or the terms hereunder to lawyers, accountants, auditors, insurers/reinsurers (if any), together with such insurers/reinsurers' third party service providers, actuaries or intermediaries (collectively "Recipients") or regulators, provided the disclosure of the information is reasonably necessary to effectuate the terms of this Settlement Agreement, or is required for tax, financial reporting, or governmental compliance purposes, or to transact the business of insurance. Prior to disclosure, the Recipients shall be informed of the confidential nature of the information and shall agree to keep such information confidential.

7. <u>ATTORNEYS' FEES AND LITIGATION EXPENSES.</u>

(a) Class Counsel shall make an application to the Court for Attorneys' Fees and Litigation Expenses. The amount of Attorneys' Fees and Litigation Expenses sought will not exceed $61,500. Such application shall be filed with the Motion for Approval of the Settlement Agreement. Defendants will not oppose such application for fees or costs provided that Class Counsel do not seek to recover Attorneys' Fees and Litigation Expenses in excess of $61,500.

(b) Named Plaintiff, Opt-In Plaintiffs, and Class Counsel understand and agree that Class Counsel's Attorneys' Fees and Litigation Expenses will be the full, final, and complete payment of all attorneys' fees and costs arising from and/or relating to the representation of the Named Plaintiff, Opt-In Plaintiffs, or any other attorneys' fees and costs associated with the investigation and/or prosecution of the Litigation. As an inducement to Defendants to enter into this Settlement Agreement, and as a material condition thereof, Named Plaintiff, Opt-In Plaintiffs, and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against Defendants for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Settlement Agreement. Furthermore, Named Plaintiff, Opt-In Plaintiffs, and Class Counsel represent and warrant that no attorney, other than Class Counsel, has any attorney's fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Action, and that the terms of this Settlement Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Action. Nothing in this Section shall preclude Named Plaintiff or Opt-In Plaintiffs from appealing the allocation of Class Counsel's Fees and Expenses should the sum awarded by the Court fall below the amount described in Section 4(a) of this Settlement Agreement. If Class Counsel elect not to appeal or if the Court of Appeals affirms the decision,

9

only the reduced amounts will be deemed to be Attorneys' Fees and Litigation Expenses for purposes of this Settlement Agreement.

  (c) All of Defendants' legal fees, costs, and expenses incurred in this Action shall be borne by Defendants.

8. <u>SETTLEMENT TIMELINE.</u>

  (a) <u>Settlement Approval</u>: Plaintiffs shall file an Unopposed Motion for Approval of Settlement as soon as practicable. The Settlement Agreement shall be submitted to the Court for *in camera* review and shall not be publicly filed on the docket.

  (b) <u>Issuance of Settlement Payments and Service Awards</u>: No later than thirty (30) days after the Court enters an Order approving the Settlement, Defendants shall issue Settlement Payments to Named Plaintiff, Opt-In Plaintiffs, and Class Counsel. All checks shall be delivered to Class Counsel to be distributed to the Named Plaintiff and each Opt-In Plaintiff. The Settlement Payment checks shall be negotiable for 120 days from the date they were issued (the "Check Cashing Deadline"). Defendants shall void any Settlement Payment checks that have not been negotiated upon the expiration of the Check Cashing Deadline.

  (c) <u>Dismissal of the Action:</u> Named Plaintiff, through Class Counsel, within twenty-one (21) days of receiving the Settlement Payment as set forth above, and after the Court has approved the Settlement in this case, shall file a Stipulation to Dismiss with Prejudice the Lawsuit. It is intended that this Settlement Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, including those under the Fair Labor Standards Act, Illinois Minimum Wage Law, and the Chicago Minimum Wage Ordinance, and the dismissal with prejudice shall be binding upon all Opt-In Plaintiffs regardless of when or whether they negotiate their Settlement Payment checks.

9. **MUTUAL FULL COOPERATION.**

The Parties agree that they will fully cooperate with each other to effectuate and implement all terms and conditions of this Settlement Agreement, and exercise good-faith efforts to accomplish the terms and conditions of this Settlement Agreement.

10. **CONSTRUCTION.**

The terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's-length negotiations between the Parties. Accordingly, this Settlement Agreement is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Settlement Agreement.

11. **INTEGRATION.**

This Settlement Agreement contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. There are no undisclosed side agreements between the Parties or their counsel. No rights hereunder may be waived except in writing.

12. **BINDING ON SUCCESSORS AND ASSIGNS.**

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

13. **MODIFICATION.**

This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Settlement Agreement may not be discharged except by performance with its terms or by a writing signed by the Parties and approved by the Court.

14. <u>APPLICABLE LAW.</u>

The terms of this Settlement Agreement shall be governed by and construed in accordance with Illinois law.

15. <u>THIS SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE.</u>

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action and have diligently pursued an investigation of the claims alleged in the Action. The Parties further represent and warrant that they believe this Settlement is a fair and reasonable resolution of this Action and that they have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations by the Parties' respective counsel.

16. <u>COUNTERPARTS.</u>

This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Electronic signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

17. <u>PARTIES' AUTHORITY.</u>

The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the respective Parties to its terms and conditions.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

facts and allegations in the Action and have diligently pursued an investigation of the claims alleged in the Action. The Parties further represent and warrant that they believe this Settlement is a fair and reasonable resolution of this Action and that they have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations by the Parties' respective counsel.

16. COUNTERPARTS.

This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Electronic signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

17. PARTIES' AUTHORITY.

The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the respective Parties to its terms and conditions.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

By: *Jorge Ordonez*   Dated: 7-12-17
Plaintiff Jorge Ordonez Perez

By: *[signature]*   Dated: 7-12-17
One of Plaintiffs' Attorneys
Timothy M. Nolan
Nicholas P. Cholis
NOLAN LAW OFFICE

By: _____   Dated: _____
     Plaintiff Jorge Ordonez Perez

By: _____   Dated: _____
     One of Plaintiffs' Attorneys
     Timothy M. Nolan
     Nicholas P. Cholis
     NOLAN LAW OFFICE
     53 W. Jackson Blvd., Suite 1137
     Chicago, IL 60604
     Telephone: 312.322.1100
     tnolan@nolanwagelaw.com
     ncholis@nolanwagelaw.com

By: *[signature]* Defendant Simon's Shine Shop, Inc.   Dated: 7/18/17
Its: *[signature]*

By: *[signature]* Defendant Dr. Beasley's, Inc.   Dated: 7/18/17
Its: *[signature]*

By: *[signature]* Defendant The Lafeber Group, Inc.   Dated: 7/18/17
Its: *[signature]*

By: *[signature]* Defendant James E. Lafeber   Dated: 7/18/17

By: *[signature: Colleen G. DeRosa]*   Dated: 7/20/17
     One of Defendants' Attorneys
     Carol A. Poplawski
     Colleen G. DeRosa
     OGLETREE, DEAKINS, NASH,
       SMOAK & STEWART, P.C.
     155 N. Wacker Dr., Suite 4300
     Chicago, IL 60606
     Telephone: (312) 558-1220
     carol.poplawski@ogletree.com
     colleen.derosa@ogletree.com